Moss, Judge,
rendered the opinion of the court:
This action is instituted by plaintiff for the recovery of a balance claimed to be due by the Federal prohibition unit in New York for the use of two boats, amounting to $300.
In accordance with an informal contract between plaintiff and defendant the defendant was to pay plaintiff at the rate of $12 per day for the use of one of the boats, the K-63, and $59 for the use of the Argo, which was on the basis of $75 per month from the date of agreement, November 11, 1922, until January 1, 1923. About the 1st of January, 1923, it was agreed between plaintiff and the representative of the prohibition forces that the defendant would pay for the use of the boats at the rate of $75 each per month. It was also *615 agreed that plaintiff would be paid $150 per month for his personal services in handling the boats.
About the middle of January. 1923, the Argo was frozen in, and remained frozen in during the remainder of the rental period. For a period of about two days the K-63 was in dry dock for the purpose of certain repairs. Plaintiff was paid in full for his personal services, and he was also paid the sum of $57 for gasoline and oil used in the two boats during said period; but defendant has refused to pay for the use of the boats during the two months’ period.
These boats were used by defendant in the enforcement of the prohibition laws, and were under the command and control of the defendant. Plaintiff’s connection with the transaction was that of an employee on a stipulated salary, whose duty it was to handle the boats.
The facts shown in the record bring the case within the decision of the United States Supreme Court in United States v. Cornell Steamboat Company, 267 U. S. 281, in which it was held that the Government was not entitled to certain deductions under an informal contract similar in character to the one under consideration.
Plaintiff is entitled to recover. And it is so ordered.
Graham, Judge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.